Good afternoon. Okay, the first case for this afternoon is 5-14-0081, First Collinsville Bank v. Jermaine Johnson, et al. This is a mortgage foreclosure case, and the principal issue is whether a copy of a proposed summons, which was never signed, sealed, or issued by the clerk, that was delivered to the defendant established personal jurisdiction over the defendant. The copy of the summons is attached in the appendix to the brief at A-1. Not only is it not dated, not sealed, and not signed by the clerk, but it also doesn't have the case number. It just has the year and the CA, but not the actual case number. It was submitted by the plaintiff's attorney to the clerk, and there was a request that it be issued. Simultaneously, a proposed summons for the other named defendant, Judith Trentman Wilson, was submitted to the clerk, and the clerk signed, sealed, and issued that summons. In the case of Jermaine Johnson, a special precedent delivered a copy of the complaint and the unissued summons to him on, I think it was October 19, 2012. The court later entered a default judgment of foreclosure in November, and then the property was sold in an order confirming the sale, which is the final judgment was issued in March of 2013. Two months later, after a garnishment summons was served on Mr. Johnson's bank, he lives in Florida, he filed his motion to quash service of both the complaint summons, the garnishment summons, and to vacate the judgment. And that's what we're hearing today. The court, after some argument on several occasions, denied the motion. The motion to quash the garnishment summons. Actually, granted the motion to quash the garnishment summons, which was a different issue was raised about the garnishment summons. The court granted the motion to quash that on October 31. And I think that's at A28 in the appendix, a copy of it, if I'm not mistaken. In any event, the garnishment summons is not the one we're here on. After the briefs were filed in this court, the motion to reconsider the order vacating the garnishment summons was denied by the court in the 304A ruling, and there was no appeal within 30 days, so that's a dead issue. So we're here on the complaint, a failure to quash the complaint summons and failure to vacate the judgment. Section 201 of the Civil Practice Act provides that every case shall be commenced by filing a complaint, and the clerk shall issue a summons in accordance with the rules. Rule 101A, Supreme Court Rule 101A, provides that summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name, and it shall be dated on the date of this issue. None of those things occurred in this case. I've also cited case law to the court, which says that a summons which is not signed, sealed, or dated by the clerk is without validity. That's Schorsch v. Fireside-Chrysler-Plymouth. I've cited cases. A judgment entered without personal jurisdiction is void. State Bank v. Thill, a 1986 Supreme Court case. Orkizian v. Chicago Board of Education, 2002 Supreme Court case. Additional cases. Plaintiff has a nondelegable duty to see that the clerk issues the summons that is to be served, and that it is served, and that a return is promptly filed. That's Smith v. Minow Construction and Penrod v. Sears-Roba. So the first point simply is that there's no personal jurisdiction, and it's not waived. Every pleading was filed, even though it's not necessarily to do that, a special entry of appearance without waiving any objection to general jurisdiction of the court. The plaintiff has made an argument in their brief that by signing a document acknowledging receipt of the unissued summons and complaint at the time it was delivered, that Germaine Johnson had waived any issue about the non-issuance of the summons. And the cases that were cited in support of that were dated in 1863 and 1874, but they didn't deal with the facts. They didn't have the facts of this case where the summons was never issued. And I was just thinking to myself, it's a little ironic that I'm in a courtroom today where Abraham Lincoln might have appeared, and he was still alive when that first case was cited. So I don't mean to make light of it, but there's no – I would submit to the court there's no grounds for the waive of the fact that the summons was never issued. I also cited in the reply brief a recent case, 2003, First District Cook v. Burnett, and in that case there were several defendants. It was a wrongful death case. There were two banks, and the complaint did not pray for any monetary damages against the two banks, but did against the other defendants. And the default judgment was entered against both banks, and the trial court set it aside, finding that there was no jurisdiction because the complaint had failed to allege any claim for damages, any prayer for damages against the two banks. And that was affirmed on appeal. I would like to correct a slight error on page 6 of my reply brief. I was responding to a case cited by the bank at page 6 of its brief, and the case that I was responding to was Cain v. Sukar, S-U-K-K-A-R, which had a concurring opinion and some language along – that's a 1988 case – along the lines that, in the concurring opinion, that the court didn't view the state bank v. Thiel case quite as broadly as other people had argued, which says a void judgment can be attacked at any time in any court for any reason. And the concurring opinion said, well, if it's not properly in the Court of Appeals to begin with, with some kind of argument for appellate jurisdiction, I have some doubts about that. So I was responding to that at page 6 of my reply brief, but inadvertently cited Cook v. Burnett for the case that I cited instead of Cain v. Sukar. So it doesn't make a whole lot of sense unless you replace Cook v. Burnett with Cain v. Sukar on page 6. The other point, the next point, is if the judgment is vacated, what happens to the fact that the property was sold at foreclosure to the Davises for $15,000? And so I raised in my brief different points about vacating the judgment, the deficiency judgment, against Germaine Johnson, which is $88,000, and vacating the entire judgment because of the language in subsections E and F of Section 1401 of the Civil Practice Act. The part covering petitions to vacate previous judgments after the time for the appeal has passed. Well, if the first order is void, then all subsequent orders against your client are void. Well, that is the argument that I make on the point about vacating the entire judgment. Did Germaine Johnson actually sign the back of the summons, or did the process server do it? I'm believing that Germaine Johnson did, but I never tested the accuracy of that. I accepted it as factual that he was asked to sign because the papers had been delivered to him. I mean, it's not signed. It's printed, much like the process servers. So I questioned whether your client even signed it. I can't answer accurately. I never inquired. What was the—how did the judge in this case arrive at the conclusion that Germaine was sufficiently served by publication? I would have to surmise, because it wasn't an argument, and an order was entered before the final decision by Judge McGlynn that, well, I think there might be service by publication here, and he gave both sides a chance to brief it. So it wasn't like a final decision. It was kind of surmising that maybe publication covers it. My own explanation would be that he was looking for a way not to vacate the judgment because it—our property had been sold, et cetera. I'm not casting aspersions on it. I'm just thinking that he was looking for a way to uphold the judgment as it was. So I filed a brief, and the bank filed a brief, and they pointed out to me that I had overlooked this fact in their brief. They had acknowledged they're not claiming service by publication, and they pointed that out in their appellate brief. That's point four of my appellate brief. If I had paid more attention, I probably wouldn't have done it or would have just mentioned that it's a non-issue. So it is a non-issue. It's a non-issue. Okay, good. Getting back to the vacating the entire judgment, if the court takes the position, as we are asserting, that if the judgment is void, then it's void for all purposes. And based on the Sarkeesian case and the Thill case, State Bank v. Thill, that you don't have to go under Section 1401. It doesn't matter whether you comply with Section 1401 or not. If it's void, it's void. It can be attacked at any time. You don't have to comply with the requirements of due diligence or anything like that. That's the Sarkeesian case under 1401. And so our position is that the entire judgment is void. It should be sent back and remanded and go from there. Alternatively, certainly the deficiency judgment of $88,000 is void and should be vacated. So with that, unless there's any questions, that's pretty much a summary of our position. Thank you very much, sir. Mr. Stein. May it please the Court? Kevin Stein, First Column for the Bank. In this case, Mr. Johnson was personally served with a summons and a complaint that were both issued by the court. When a case is opened or filed, especially under the e-filing system, what happens is you submit electronically to the circuit clerk's office a complaint and then a document that contains a master record sheet on the first page, a return summons, and a service summons. That was all submitted to the court by my office in this case, or by the clerk. The clerk then accepted it, filled out the master record sheet, sealed the master record sheet, and signed it. Didn't seal the summons, the service copy and return copy of the summons, but did note on the bottom that it was accepted by the court, by the clerk. And it did have the case number on it. All right, Mr. Stein. Forget about e-filing.  Let's go back before e-filing, however long ago that was. And let's take a circumstance. Let's say that the clerk had a stamp they used that just said received such and such date or whatever. And you took in a blank summons to be issued, and the clerk stamped it received, but never signed it, issued it, sealed it, or any of the things that 101A requires. Would that have been a good summons? No. What's the difference? In this case, the master record sheet, which is part of the summons packet, was sealed. Well, is this e-filing, is that under a local rule in St. Clair County? Or is it 20th Circuit? I think it's just St. Clair County. St. Clair County. Does St. Clair County have authority to modify the Elementary Supreme Court rules? I would say no. I'd say that's a good answer. And 101A says the summons shall be issued under the seal of the court. The summons wasn't issued under the seal of the court. It says it has to be tested in the name of the clerk and signed with his name. It wasn't signed by the clerk's name. It wasn't dated. You agree with me that summons doesn't apply, does not comply with Rule 101A, does it? No. The summons service copy does not. But the master record sheet is part of the summons, and the master record sheet does comply. The master record sheet is part of the summons? It's the first page of the summons packet that you submit. It's all one document that you get from the clerk. The first page of the master record sheet, then you have the service copy and the return copy of the summons. And the purpose of the Supreme Court rule in the case of State is to ensure that the clerk did issue the summons and that the attorney just didn't make up the summons and send it out, that it was issued by the clerk. For instance, I did find a case. It's not cited in my brief. It is Sightman v. Geckner, 127-67. And in that case, it was the old system where the summons is stamped by the clerk. And what happened is the first document was stamped, but the summons that were served on the defendant wasn't stamped by the clerk. It wasn't signed. And that same issue was raised. The defendant came back and said, well, hey, you didn't have personal jurisdiction over me because the summons served upon me wasn't issued by the court. And in the Sightman case, the court said that the seal is not part of the summons but merely evidences the validity of the summons. We can go to the court file and we can see that the first sheet, the first sheet on the summons, not the ones served on the defendant, but the first sheet was stamped by the court, by the clerk. The second one wasn't, but that doesn't matter. We can look at the court file and we can determine that, yes, under the circumstances of this case, we can see that the clerk did issue the summons. Didn't stamp it. Okay, and I'm just having a little trouble understanding what you're talking about. I don't know what this master record sheet thing is. I never saw one where I practiced and spent the last 40 years practicing law or being on the bench. I mean, you have an original summons and you have a copy of the summons, and the copy is left with the defendant. The original is completed and then filed in the court file showing service. The master record sheet is really a county-by-county form just showing what court you're in, whether it's an L case, it's got the name of the counsel on it, things like that, right? It's a procedural mechanism. It basically looks like the summons. No, it doesn't look like the summons. Originally what happened is it had carbon that would go through to the summons, didn't it? Used to, but isn't the purpose of the summons, I mean, does it really matter that we can go and look at the court file and see a master record sheet? The purpose is to give the individual notice of a date and a time, so the fact that we can go look at the court record doesn't really satisfy the due process requirement of the summons. Well, that's not what the citing case said. Okay, and what is the citation to that again? 127, ILF 67, 4th District, 1906. Of course, you know we're not bound by that. And also, if it wasn't cited in your brief, you actually should file a request to supplement. And Mr. DeRay, are you going to ask for time to respond to that? Would you like some additional time? Yes, Your Honor. I want to be sure I got the citation 127, ILF 67 correct. 14 days okay? Yes, Your Honor. Okay, so it will be the order of the court that you'll be allowed to supplement with citement B, Gettner. Gettner. And that will be the only case you will supplement. And then Mr. DeRay, you will have 14 days to respond, but you will not have a reply opportunity. Okay? Do I need to, is it supplemented now or do I need to submit- I would like you to supplement it in paper form so it can be submitted to the judges. Okay. Okay? Thank you so much. Okay, proceed. I'm sorry. That's okay. There are, and Judge, there are other exceptions out there too. I mean, there are exceptions to case law that aren't applicable necessarily to this case, but where the Supreme Court rule hasn't been specifically followed and the courts have said that, you know, it doesn't require search requirements. So I think there are exceptions. What you want to look at is can you tell by the court record that it has been issued by the clerk? Well, he could serve with something that doesn't have the case number on it. It does at the top. At the very top it has a case number. Okay. But the case number is not filled in. It doesn't, you know, there are two different boxes that can be checked, one that you have to respond within a date certain, the other one is within 30 days, and neither of them are checked. Where's the case number from, Judge? Very top. I mean, it says 2012CH001063. No one would know that's a case number unless, I mean, it's not identified as a case number. The case number is below, right? I mean, we as lawyers know it's a case number. I guess my point is, okay, a layperson is served with this and it really doesn't meet any of the indicia of the notice that you're supposed to get through the service of the summons of where do you go from there? You know, what am I supposed to do? I mean, that's why you have the Supreme Court rules. So, I mean, why should we just ignore that Rule 101A has clearly not been followed and say, oh, well, what the heck, it's okay. The complaint that was served on him had the stamp of the clerk and it had the case number on it. I mean, he was put on notice, and that's the purpose of a summons. One of the purposes is to put you on notice. He could have called the clerk and said, hey, I've got this complaint. I've got this case number. I've got this summons. Where do I go from here? And that's part of what the cycling case says is, hey, you've got enough there. You should call the clerk. This is serious enough that you receive some documents that were issued by the court. It's got the court stamp on the complaint. It's got the case number. It's got the e-filing stuff on the bottom here. I mean, don't just ignore it. Call or file some sort of motion at that time. The other issue we've got is the waiver or the acknowledgement. I don't want to call it a waiver, the acknowledgement of service. And I did cite the case law in my brief regarding the fact that if you have an acknowledgement of service, then that's enough. And he did acknowledge service. We have an affidavit that's been filed where the processor swore that he had signed that. There was no counter. He had signed what? The acknowledgement that he received the summons and the complaint. Are you talking about the back now? The back of the summons? No. It was a separate document. Okay. There was an affidavit in the record. There's an affidavit that attached a separate document that Mr. Johnson had signed. And I can tell you where that is in the record. It is on the document that he signed. Supplemental record, page 53. And that is part of the affidavit. Supplemental record 31. And in paragraph 5 of that affidavit, it states that Jermaine Johnson signed acknowledging that he was served with summons and a complaint. And that incorporates that document as an exhibit C to the affidavit. Are you saying that the Seidman case says that the burden is on the person summoned to find out the date of his court hearing or court hearing? Let me look at that again. That's what I hear you saying. Yes. Because that, too, is one of the purposes of the summons. When do I have to be there or file something? Right? Yes. Actually, no, Judge, it was a different case. It was Charter Bank where the court said the summons was not invalid and did not violate due process on the grounds it did not contain the date, time, and courtroom number. Because it informed the defendant a complaint had been filed, and pursuant to the information in the summons, the defendant was able to call the clerk and learn the date, time, and courtroom where she should appear. But since that wasn't an issue that was brought up by the appellant in this case, that it didn't contain that, we didn't brief that part of it. Okay, thank you. Sue, do you still want to cite this Seidman case? Well, if that's something the court – it wasn't really briefed by the appellant, but if you would like, I can give you the cite if you'd like it. It's Charter Bank v. Novak, N-O-V-A-K, 218 Il F. 3rd, 548. I'm more than prepared for that in case you guys have a question. I guess what I don't understand, are you saying that it's the Charter Bank case you were talking about, not Seidman? No, the Charter Bank case stands for the proposition that you've got to make a call. The Seidman case is the case where the summons – the original document in the court file was stamped, but the summons that were served on the defendant was not stamped. So they're two different issues. What would you have us do if this court finds that the – that there was no jurisdiction? What would you have us do with the third-party purchase? What do you see as the remedy in this case? I know it's not yours to crack. I mean, what the rule says is that unless it's apparent from the record that they take – I guess part of my concern with that is it wasn't brought up until the appeal. These purchasers didn't have a chance to address the issue. They may not even know this case is going on right now. I don't know the answer to that. But I don't think it matters because I think we have jurisdiction. Well, if there's no jurisdiction, the report of sale was made by this court. The deficiency judgment was made by the court – the trial court. But the actual sale the court had nothing to do with unless it approved the sale, right? And it did approve the sale? It confirmed the sale, yes. Okay. I have nothing further. Is there any other questions? Thank you. Thank you so much. Roboto? Briefly, am I supposed to respond to that second case, too? If you would like. Okay. I mean, we have, again, 14 days, and Mr. Stein would also offer that as a part of his motion, which the record will reflect as already being granted today. Okay. So the same document will respond? Yes, sir. The summons itself has two boxes. You can check one for either a specific date the defendant is supposed to appear, or you can check the other box, B, that you're supposed to appear 30 days after you're served. Neither one is checked. So the summons doesn't tell the defendant when he's supposed to appear, just among other things. The summons for the other defendant was issued, signed, sealed, dated, and so forth, and that's in the record at page 65 of the common law record. I attempted to include it in the appendix at A16, but my brief, my copy of the brief, doesn't have an A16. I'm not sure why. If it was just a machine thing and other copies have it, or it was left out of all copies, but it's at C65 of the record. The master record sheet is not a summons. It's about a half a page of the same information that's on a summons, and you fill it in the name of the parties and so forth, and that's, like, administratively used by the clerk, the case. Then the rest of the, and there was carbon paper at one time, so you filled out the master record sheet, you filled out the top half of the summons. It's simply not a summons. Wasn't it just a half sheet at one point? I think it, I still have some of it. Some circuits in the 20th, some counties in the 20th Circuit don't have their forms, and I use the St. Clair County ones and fill in the county. I still have them. Waiver is an intentional relinquishment of a known right. There's nothing in the record indicating that Jermaine Johnson waived any claim that the summons was never even issued, or even had knowledge of whether the summons was or was not issued. With that, I have nothing else unless there's any questions. No, thank you. Okay. This case will be taken under advisement and disposition issued in due course. Thank you, gentlemen.